IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO

Civil Action No. 08-cv-00638-BNB

EDWARD RAIFSNIDER,

Applicant,

v.

STATE OF COLORADO, and
COUNTY OF MESA,

Respondents.

FILED
UNITED STATES DISTRICT COURT
DENVER, COLORADO

MAY - 8 2008

GREGORY C. LANGHAM
CLERK

ORDER OF DISMISSAL

Applicant Edward Raifsnider is in the custody of the United States Bureau of Prisons and currently is incarcerated at FCI in Beaumont, Texas. Mr. Raifsnider initiated this action by filing a *pro se* Application for a Writ of Habeas Corpus Pursuant to 28 U.S.C. § 2241. The Court must construe the Application liberally because Mr. Raifsnider is not represented by an attorney. *See Haines v. Kerner*, 404 U.S. 519, 520-21 (1972); *Hall v. Bellmon*, 935 F.2d 1106, 1110 (10th Cir. 1991). However, the Court should not act as a *pro se* litigant's advocate. *See Hall*, 935 F.2d at 1110. Pursuant to 28 U.S.C. § 2243, the Court is required to initially review the Application and determine whether Mr. Raifsnider is entitled to the relief that he requests. For the reasons stated below, the Court will deny the Application and dismiss the action.

Mr. Raifsnider is challenging a detainer that involves a pending criminal warrant in Mesa County, Colorado. In the Application, Mr. Raifsnider asserts that previously the

State of Colorado and Arapahoe County placed a detainer against him and requested his extradition from the State of Texas. (Application at 2.) He further asserts that once he was extradited to Colorado he was required to answer all untried informations, complaints, or indictments within the state including El Paso County, Eagle County, and Arapahoe County. Mr. Raifsnider contends that Mesa County, however, refused to obtain jurisdiction over him for the purpose of prosecuting the pending criminal charges in Mesa County. Applicant further contends that because Mesa County elected to not participate in the detainer and to not extradite him to resolve pending charges, the pending charges against him must be dismissed with prejudice under the Interstate Agreements on Detainers (IAD) Appendix 2 § 2 Art. V (c) and (e).

Before Mr. Raifsnider may pursue his claim in this Court, he must exhaust state remedies. *See Montez v. McKinna*, 208 F.3d 862, 866 (10th Cir. 2000). The exhaustion requirement is satisfied once the federal claim has been presented fairly to the state courts. *See Castille v. Peoples*, 489 U.S. 346, 351 (1989). Fair presentation requires that the "federal issue [be] properly presented to the highest state court, either by direct review of the conviction or in a postconviction attack." *Dever v. Kansas State Penitentiary*, 36 F.3d 1531, 1534 (10th Cir. 1994). "The exhaustion requirement is not one to be overlooked lightly." *Hernandez v. Starbuck*, 69 F.3d 1089, 1092 (10th Cir. 1995). A state prisoner bringing a federal habeas corpus action bears the burden of showing that he has exhausted all available state remedies. *See Miranda v. Cooper*, 967 F.2d 392, 398 (10th Cir. 1992)

Mr. Raifsnider states in the Application that he has exhausted his state remedies because (1) he filed a motion to dismiss in the District Court of Mesa County that was

denied, and (2) he wrote to the prosecuting attorney for Mesa County regarding the pending charges and received a response from the chief deputy attorney that stated the charges against Applicant will remain in effect even though no detainer has been placed against him. Applicant also appears to argue that because the IAD is a federal law his claim is cognizable in this Court. Nonetheless, Mr. Raifsnider fails to assert that he has presented his claims to the highest state court in Colorado.

The Court also has reviewed Article V (c) and (e) of Appendix 2 of the IAD. Nothing in the subparagraphs states that Mesa County was required to assume jurisdiction over Applicant and resolve pending charges against him simply because other counties within the state sought jurisdiction over him and extradited him for the purpose of prosecuting the pending charges against him in those counties. Furthermore, Mr. Raifsnider concedes that the detainer was lodged by Arapahoe County and that El Paso County and Eagle County joined in to resolve the pending informations, indictment, or complaints against Applicant in each of those counties.

Applicant does not assert that Mesa County filed a detainer, sought his extradition, and then failed to accept temporary custody as is required under Article V(c). To the contrary the response from the Chief Deputy District Attorney for Mesa County, (Application at Attach. 6), confirms that Mesa County did not place a detainer against Applicant. Therefore, the Court finds no basis for Applicant's claim that the pending charges in Mesa County should be dismissed. Even though Applicant has failed to exhaust his state court remedies, as indicated above, the Court will deny the Application on the merits. *Montez*, 208 F.2d at 866. Accordingly, it is

ORDERED that the Application is denied and the action is dismissed with prejudice on the merits.

DATED at Denver, Colorado, this 7 day of May, 2008.

BY THE COURT:

*[signature]*
ZITA L. WEINSHIENK, Senior Judge
United States District Court

IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO

**CERTIFICATE OF MAILING**

Civil Action No. 08-cv-00638-BNB

Edward Raifsnider
Reg. No. 10389-045
FCI - Beaumont
PO Box 26040
Beaumont, TX 77720

    I hereby certify that I have mailed a copy of the **ORDER** to the above-named individuals on 5/8/08

GREGORY C. LANGHAM, CLERK

By: _____
         Deputy Clerk